CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/29/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| BRIAN JEFFREY HALL JR., <br><br> *Plaintiff,* <br><br> v. <br><br> EOS CCA, et al., <br><br> *Defendants.* | CASE NO. 6:25-CV-00072 <br><br> **MEMORANDUM OPINION** <br><br> JUDGE NORMAN K. MOON |

In this Fair Credit Reporting Act ("FCRA") and Fair Debt Collections Practices Act ("FDCPA") case, Plaintiff Brian Hall ("Hall") moves the Court for leave to file an amended complaint for the fourth time. Dkt. 26. Having reviewed the fourth amended complaint, granting Hall leave to amend would be futile. All of Hall's pleadings, including his proposed fourth amended complaint, fail to state causes of action. Therefore, the Court must dismiss the case with prejudice and deny all pending motions as moot.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, a plaintiff has a right to amend their pleading "once as a matter of course" and, after that, "only with . . . the court's leave." Courts "should freely give leave when justice so requires," but should not grant leave if "amendment would be futile." *See Balas v. Huntington Ingalls Indus. Inc.*, 711 F.3d 401, 409 (4th Cir. 2013) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). 28 U.S.C. § 1915(e) permits district courts to, on their own motion, dismiss *in forma pauperis* complaints that are frivolous, malicious,

or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006). This procedural vehicle is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Minter v. Clarke*, 2022 WL 4537904, at *3 (E.D. Va. Sep. 12, 2022) (comparing standards). To survive this stage, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept a plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## BACKGROUND

Due to Hall's *pro se* status, the Court will consider the allegations in all his pending filings and motions.[1] Across his five complaints, Hall makes allegations against four Defendants: (i) EOS CCA ("EOS"), a "debt collector," (ii) Transworld Systems, Inc. ("TSI"), a "debt collector;" (iii) Verizon Wireless ("Verizon"), a "furnisher of information;" and (iv) Experian Information Solutions ("Experian"), a "consumer reporting agency" (hereinafter, "Defendants"). Dkt 7 at 1; Dkt. 12 at 1. Specifically, Hall alleges "EOS CCA/Verizon Wireless is reporting a charged-off/collection account" on his "Experian credit report." Dkt. 1 at 1. Hall allegedly "dispute[d] this account as inaccurate, unverifiable, and incomplete" both "directly with

---

[1] The Court considers his complaint, Dkt. 1; motion to supplement, Dkt. 4; first amended complaint, Dkt. 6; second amended complaint, Dkt. 7; verified amended complaint, Dkt. 10; notice of supplemental evidence, Dkt. 12; notice of supplemental authority, Dkt. 15; notice of supplemental evidence filing, Dkt. 16; opposition to Experian's motion to dismiss, Dkt. 25; and his motion for leave to file second amended complaint; Dkt. 26. Courts must construe the filings of pro se plaintiffs liberally, and *pro se* complaints "however inartfully pleaded, must be held to less stringent standards" than those prepared by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Experian and through CFPB complaints." Dkt. 1 at 1; Dkt. 26-1 at 1.[2] Following his disputes, he alleges Experian "failed to follow reasonable procedures to assure maximum possible accuracy" and "failed to conduct a reasonable reinvestigation." Dkt. 26-1 at 1.

Hall then began investigating his claim, making multiple phone calls to the Defendants. Dkt. 4-1 at 1; Dkt 12. During these calls, Hall alleges being told that Verizon's "in-house recovery" retained control over the account because "EOS . . . was sold to TSI" and "TSI's position is that no account exists" in his name. Dkt. 12-1*Id.* Yet, when Hall later spoke with Verizon, he alleges the representative stated, "no account appeared" in his name and that they "could not explain why their automated system acknowledged one." *Id.* Verizon allegedly failed to provide Hall with validation of the debt when he asked in phone calls and emails. *Id.* at 2.

Relying on various provisions of the FCRA, Hall's proposed fourth amended complaint asserts several violations of the Act: (i) "failure to conduct a reasonable reinvestigation," in violation of 15 U.S.C. § 1681s-2(b); (ii) a willful violation of 15 U.S.C. §§ 1681n; (iii) a negligent violation of 15 U.S.C. §§ 1681o; (iv) "fail[ure] to follow reasonable procedures to assure maximum possible accuracy," in violation of 15 U.S.C. §§ 1681e(b); and (v) "fail[ure] to conduct a reasonable reinvestigation after receiving notice of . . . disputes," in violation of 15 U.S.C. §§ 1681i(a). Dkt. 1 at 2; Dkt. 10 at 2; Dkt. 26-1 at 1. He also asserts a single violation of the FDCPA: the use of "false, deceptive, or misleading representations in attempting to collect or report the alleged debt," in violation of 15 U.S.C. §§ 1692e, f. *Id.*

## ARGUMENT

### A. FCRA Claims

---

[2] According to an exhibit filed with his original complaint, Hall contacted the CFPB on August 1, 2025. Dkt. 1-1 at 1. However, his uploaded documentation contends he submitted a complaint against "Midland Credit Management/Synchrony," an entity who is not a defendant in this case. *Id.* Hall uploads no additional documentation regarding his alleged CFPB complaint against any Defendant in this case.

3

### 1. Hall's Claims Against Verizon Fail

Of the claims Hall brings, only § 1681n, o, and s-2(b) apply to "a person who furnishes information to any consumer reporting agency." 15 U.S.C. § 1681s-2(a)(6)(B). Hall alleges that, of the Defendants, Verizon is the only "furnisher of information." Dkt. 7 at 1. Therefore, the Court analyzes these claims as to Verizon only.[3]

To allege a § 1681s-2(b) violation, a plaintiff must state sufficient facts to establish: "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a [consumer reporting agency]; (2) the [agency] notified the furnisher of that dispute; [and] (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." *See Roberts v. Carter-Young*, 131 F.4th 241, 249 (4th Cir. 2025); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430 (4th Cir 2004).

"A furnisher['s] [reinvestigation duty] incur[red] under § 1681s-2(b)" only arises "upon receipt of . . . notice" of a dispute from a credit reporting agency ("CRA"); indeed, § 1681s-2(b) "imposes certain duties on a creditor" only if they have "been notified by a [CRA] that a consumer has disputed information." *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008); *Johnson*, 357 F.3d at 429. Although Hall alleges "disput[ing] inaccurate information directly with Experian and through CFPB complaints," his complaints are silent as to Experian's communications with Verizon. Dkt. 26-1 at 1. Hall's allegations that he independently informed Verizon do not trigger the reinvestigation duty—Hall is not a credit reporting agency. Dkt. 12-1 at 1-2. Accordingly, Hall does not allege sufficient facts to state a claim under 1681s-2(b).

---

[3] Defendant Experian is a credit reporting agency, not a furnisher of information. Defendants EOS and TSI are debt collectors to whom the FCRA does not obviously apply.

As to Hall's other FCRA allegations against Verizon, 15 U.S.C. §§ 1681o and n simply state private causes of action for FCRA. *See Sloane v. Equifax Info. Servs.*, 510 F.3d 495, 500 (4th Cir. 2007) ("The FCRA provides a private cause of action for those damaged by violations of the statute."). Yet, because the Court has not found sufficient facts to establish any alleged FCRA violation against Verizon, these claims against Verizon must also be dismissed.

**2. Hall's Claims Against Experian Fail**

Hall attempts to allege two FCRA claims against Experian. Dkt. 26-1 at 1. Specifically, he alleges violations of 15 U.S.C. § 1681e(b) and § 1681i(a).

a. *15 U.S.C. § 1681e(b) claim*

A credit reporting agency violates § 1681e(b) "if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *See Dalton v. Capital Assoc. Indus.*, 257 F.3d 409, 415 (4th Cir. 2001). A credit report is inaccurate either "when it is patently incorrect" or "when it is misleading in such a way and to such an extent that it can be expected to [have an] adverse [] effect." *Id.* (citing *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)). Once inaccuracy is established, a plaintiff "bears the burden under § 1681e(b) to show that the consumer reporting agency did not follow reasonable procedures." *Id.*

Hall alleges his "Experian credit report" contained a charged-off account that was "inaccurate, unverifiable, and incomplete" that he disputed "directly with Experian and through CFPB complaints." Dkt. 1 at 1; Dkt. 26-1 at 1. These alleged facts are sufficient to establish the first element of a § 1681e(b) violation. However, Hall fails to allege facts demonstrating the second element, instead merely stating that "Experian failed to follow reasonable procedures to assure maximum possible accuracy by continuing to report unreliable and contradictory

information." Dkt. 26-1. This allegation provides nothing more than a legal conclusion. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citing *Ashcroft*, 556 U.S. at 679) ("Bare legal conclusions are not entitled to the assumption of truth."). As such, the Court must dismiss Hall's § 1681e(b) claim.

    b. *§ 1681i(a) claim*

A credit reporting agency violates § 1681i(a) when a plaintiff shows "(1) he disputed the accuracy of an item in his credit file; (2) the CRA failed to conduct a reasonable reinvestigation; and (3) a reasonable reinvestigation could have uncovered the inaccuracy." *See Myrick v. Equifax Info. Servs., LLC*, 2017 WL 3324467, at *5 (E.D.N.C. Aug. 3, 2017) (citing *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *3 (E.D. Va. March 18, 2011)). When considering if a CRA conducted a reasonable reinvestigation, courts evaluate "(1) whether the consumer has alerted the reporting agency to the possibility that the source may be unreliable or the reporting agency itself knows or should know that the source is unreliable, and (2) the cost of verifying the accuracy of the information against the possible harm of reporting inaccurate information." *Id.*

Hall alleges disputing the accuracy of the debt in question with both Experian and the CFPB, establishing the first element of a 1681i(a) violation. Dkt. 26-1. However, he fails to allege any facts about how Experian "failed to conduct a reasonable reinvestigation" or about the potential "cost of verifying" compare to the "possible harm of reporting inaccurate information." *Myrick*, 2017 WK 3324467, at *5. Hall's allegations parrot statutory language and state a legal conclusion unsupported by facts. Dkt. 26-1. As such, he has not alleged sufficient facts to establish elements two or three under the statute. *Id.* The Court must dismiss Hall's § 1681i(a) claim.

## B.  FDCPA Claims

Hall additionally alleges violations of the FDCPA.[4] Dkt. 1 at 2. Even though Hall does not bring this cause of action against a specific defendant, this statute only applies to debt collectors. Dkt. 1 at 2; 15 U.S.C. § 1692a. Therefore, the Court will analyze this claim as to EOS and TSI as they are the only named debt collectors. Dkt. 7 at 1.

The FDCPA states "a debt collector may not use any false, deceptive, or misleading representation" or any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692e & f. FDCPA violations occur when the "least sophisticated consumer" could be misled by a debt collector making a "false, deceptive, or misleading representation" regarding a debt. *See United States v. Nat'l Fin. Servs., Inc.*, 98 F. 3d 131, 135-36 (4th Cir. 1996); *In re Dubois*, 834 F.3d 522, 530 (4th Cir. 2016). This "heightened standard of care" seeks to protect "naïve consumer[s]" but does not give credit to "bizarre or idiosyncratic interpretations" of a debt collector's statements. *See Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015) (citing *Nat'l Fin. Servs.*, 98 F.3d at 136).

Across all five complaints, Hall does not allege EOS or TSI "use[d] . . . false, deceptive, or misleading representation[s]" "to collect or attempt to collect any debt." 15 U.S.C. § 1692e & f. In fact, Hall does not allege EOS or TSI contacted him *at all*. His only alleged interactions with EOS and TSI occurred when he contacted them for information regarding the debt. Dkt. 12-1 at 1. Further, Hall's allegation that "EOS . . . is reporting" an "inaccurate, unverifiable, or incomplete" "charged-off account" does nothing more than provide "labels and conclusions" and is insufficient to establish a FDCPA violation. *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, the Court will dismiss Hall's FDCPA claim.

---

[4]  Hall raises this cause of action but includes the phrase "if applicable" in parenthesis. Dkt. 1 at 2. Construing Hall's complaint liberally, the Court will analyze this claim.

## CONCLUSION

For the above-stated reasons, the Court will deny Hall's motion to amend as futile and will dismiss all of Hall's claims with prejudice. The Court will also deny all other motions as moot.

A separate order will follow. The Clerk of court is directed to send a copy of this memorandum opinion to all counsel of record.

Entered this the 29th of December, 2025.

                                                NORMAN K. MOON
                                                SENIOR UNITED STATES DISTRICT JUDGE